IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No. _____

LAURA SALTER

       Plaintiff,

vs.

THE PEP BOYS-MANNY,
MOE & JACK LLC,
LARRY CORBIN,
AND JOHN DOE

       Defendants.
_____

## NOTICE OF REMOVAL[1]

Defendant THE PEP BOYS-MANNY, MOE & JACK LLC ("PEP BOYS"), by and through undersigned counsel and pursuant to Local Rule 1.06, hereby files this Notice of Removal from the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, Case No. 22-CA-001170, to the United States District Court for the Middle District of Florida, Tampa Division, and respectfully shows this Court the following:

## BACKGROUND

---

[1] Plaintiff dismissed Larry Corbin on February 10, 2023, which was the "paper from which it [was] first [] ascertained that the case is one which is or has become removable" as required by 28 U.S.C. § 1446(b)(3). Furthermore, the fictitious John Doe defendant's citizenship "must be disregarded for purposes of diversity jurisdiction." *Laposa v. Walmart Stores East LP*, 2020 WL 2301446 at *2 (M.D. Fla. 2020)

1

This is a personal injury/premises liability action arising from a slip and fall incident that occurred at the Pep Boys store located at 15625 N. Dale Mabry Highway in Tampa, Florida on September 10, 2018. Plaintiff alleges severe and permanent injuries and physical handicaps as a result of the incident.

### STATEMENT OF THE GROUNDS FOR REMOVAL

This removal is based on diversity of citizenship with the amount in controversy exceeding the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and Local Rule 1.06.

This action can be removed to this Court by Defendant Pep Boys pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

28 U.S.C. § 1332 provides, in pertinent part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between -
>
> (1) citizens of different States;
>
> (2) citizens of a State and citizens or subjects of a foreign state;
>
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> (4) a foreign state, defined in Section 1603(a) of this title, as plaintiff and citizens of a State or of different States. *Id.*

28 U.S.C. § 1441 provides, in pertinent part:

> (a) [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. *Id.*

28 U.S.C. § 1446 provides, in pertinent part:

> (a) Generally. A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

> (b) Requirements; generally. (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

> (b)(3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. *Id.*

3

Local Rule 1.06 states, in pertinent part:

> (b) STATE COURT DOCKET. The removing party must file with the notice of removal a legible copy of each paper docketed in the state court.
>
> (c) PENDING MOTION. A motion pending in state court and not refiled within twenty-one days after removal and in compliance with these rules is denied without prejudice. *Id.*

In order for this Court to have subject matter jurisdiction over this matter and Defendant Pep Boys to properly remove the pending State court action to this Court, all of the following conditions must be met:

a. Complete diversity of citizenship between the parties;

b. The amount in controversy must be in excess of $75,000.00; and

c. The notice of removal must comply with the statutory procedures outlined in 28 U.S.C. § 1446.

## **STATEMENTS APPLICABLE TO REMOVAL UNDER DIVERSITY JURISDICTION**

A civil action was commenced in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, styled LAURA SALTER vs. THE PEP BOYS-MANNY, MOE & JACK LLC, LARRY CORBIN, and JOHN DOE, Case No.: 22-CA-001170.

Plaintiff filed this premises liability action in the State court on May 26, 2022, and effected service on Pep Boys on June 2, 2022. (*Summons and Complaint* attached hereto as **Exhibit "1"**).

Plaintiff seeks damages in excess of $75,000, exclusive of interests and costs, for alleged severe and permanent personal injuries and physical handicaps resulting from a slip and fall incident.

Defendant Pep Boys seeks removal to the Middle District of Florida, Tampa Division, the district and division embracing the place where the action is pending.

Following the filing of this Notice with this Court, written notice of filing same will be provided to Plaintiff as required by law.

Following the filing of this Notice with this Court, a true and correct copy of same will be filed with the Clerk of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, as required by law. (*See Notice of Filing*, attached hereto **as Exhibit "2"**).

Pursuant to Local Rule 1.06 and 28 U.S.C. § 1446(a), respectively, legible copies of each paper docketed in the State Court, and a copy of all process, pleadings, and orders served upon Pep Boys in the State Court action are attached hereto as **Exhibit "3".[2]**

No previous request for the relief herein has been made to this or any other Court.

---

[2] Larry Corbin's Motion for Final Summary Judgment Against Plaintiff and Incorporated Memorandum of Law filed in the State court action on February 6, 2023 is moot and need not be addressed by this Court – Plaintiff dismissed Larry Corbin on February 10, 2023, four days after he filed his summary judgment motion.

5

## DIVERSITY OF PARTIES EXISTS

Defendant Pep Boys is a limited liability company whose sole constituent member is The Pep Boys-Manny, Moe & Jack Holding Corp., which is a Delaware corporation with its principal place of business located at 3111 W. Allegheny Avenue, Philadelphia, Pennsylvania 19132. *See Affidavit of The Pep Boys-Manny, Moe & Jack LLC/Justin Mendelson*, attached hereto as **Exhibit "4"**. Accordingly, Defendant Pep Boys is a citizen of Delaware and/or Pennsylvania. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (for the purpose of diversity, a limited liability company is a citizen of any state of which a member of the company is a citizen and must allege same in its notice of removal).

Plaintiff is a resident of Hillsborough County, Florida. (*Please see Plaintiff's August 8, 2022 Answers to Interrogatories* at ¶ 2, wherein Plaintiff states she has resided at one address in Tampa, Florida for "23 Years", attached hereto as **Exhibit "5"**).[3] Accordingly, Plaintiff is a citizen of the State of Florida.

---

[3] Plaintiff's Complaint also states that she is "a resident of Hillsborough County, Florida at ¶ 3. In an abundance of caution, however, Pep Boys requested and received additional confirmation of this information from Plaintiff via interrogatory. As this Court holds, answers to interrogatories are "judicially recognized" as "other paper" for the purpose of establishing the jurisdictional requirements necessary for removal based on diversity of citizenship. *Lawrence v. Home Depot, U.S.A., Inc.*, 2011WL6155793 at *1 (M.D. Fla. 2011), citing *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213 at n. 61 [*sic*] (11th Cir. 2007), and holding that "a number of documents have been judicially recognized as such, including interrogatory responses." *Id.* at *1.

Plaintiff filed a Notice of Dismissal of Defendant Larry Corbin on February 10, 2023, four days after Larry Corbin filed his February 6, 2023 Motion for Final Summary Judgment Against Plaintiff and Incorporated Memorandum of Law. (*Please see Plaintiff's February 10, 2023 Notice of Dismissal of Larry Corbin*, attached hereto as **Exhibit "6"**). Therefore, Larry Corbin is no longer a party to this action as of February 10, 2023.[4]

Regarding the lone remaining Defendant, "John Doe", this Court holds that a fictitious John Doe's citizenship "must be disregarded for purposes of diversity jurisdiction." *Laposa v. Walmart Stores East LP*, 2020 WL 2301446 at *2 (M.D. Fla. 2020) citing *Smith v. Comcast Corp.*, 786 Fed. Appx. 935, 939 (11th Cir. 2019) ("the citizenship of John Doe is disregarded for purposes of determining removal based on diversity jurisdiction.").

Therefore, there is complete diversity under 28 U.S.C. § 1332(a)(1) and Pep Boys need not obtain consent from any other named Defendant because Larry Corbin was dismissed and John Doe is fictitious.

## **AMOUNT IN CONTROVERSY IS SATISFIED**

Plaintiff seeks damages for severe and permanent personal injuries and physical handicaps well in excess of $75,000. *Please see Plaintiff's February 7,*

---

[4] Because Defendant Larry Corbin is a citizen of the State of Florida (*please see* **Ex. "1"** at ¶ 4), Plaintiff's February 10, 2023 Notice of Dismissal of Larry Corbin is the "copy of an amended pleading, motion, order or other paper from which it [was] first [] ascertained that the case is one which is or has become removable" as required by 28 U.S.C. § 1446(b)(3).

7

*2023 Supplemental Answers to Pep Boys Interrogatories* at ¶ 14 attached hereto as **Exhibit "7,"** wherein Plaintiff details $124,155.93 in known medical expenses arising from the alleged incident to date, not including damages related to her alleged pain and suffering arising from same.[5]

Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied.

## NOTICE OF REMOVAL IS SUFFICIENT AND TIMELY

28 U.S.C. § 1446(b)(3) requires that a notice of removal must be filed within thirty (30) days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable. Plaintiff filed her Notice of Dismissal of local Defendant Larry Corbin on February 10, 2023. *See* **Ex. "6."** Therefore, this Notice of Removal is filed within the 30-day period. Furthermore, Plaintiff filed her Complaint on May 26, 2022, therefore this Notice of Removal is filed within one (1) year after commencement of the action.

---

[5] Plaintiff's Complaint states that "this is an action for damages in excess of $30,000" (**Ex. "1"** at ¶ 1). Therefore, Pep Boys requested and received more detailed information from Plaintiff regarding her alleged damages via interrogatory. As this Court holds, answers to interrogatories are "judicially recognized" as "other paper" for the purpose of establishing the amount in controversy necessary for removal based on diversity of citizenship. *Lawrence v. Home Depot, U.S.A., Inc.*, 2011WL6155793 at *1 (M.D. Fla. 2011) ("a number of documents have been judicially recognized as such, including interrogatory responses."). *Id.* at *1. Plaintiff also produced medical records and bills to support her $124,155.93 in medical expenses to date as stated in her interrogatory response; however, in the interest of privacy, Pep Boys has not attached those records to this Notice of Removal. The undersigned can provide the medical records and bills it received if this Court requires.

Accordingly, this removal is timely and complies with the requirements and procedures outlined in 28 U.S.C. § 1446.

## CONCLUSION

Because (1) this Court embraces the place where this action is pending, (2) the amount in controversy exceeds $75,000.00, (3) the action is between citizens of different States, with no defendant being a resident of the State of Florida, and (4) Pep Boys consents to removal and there are no other defendants, this action may be removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Pep Boys has complied with all removal procedures outlined in 28 U.S.C. § 1446 and Local Rule 1.06. Accordingly, this Court has original jurisdiction and Pep Boys respectfully requests that this action be removed to this Court.

# **RULE 11 VERIFICATION**

STATE OF FLORIDA

COUNTY OF MIAMI-DADE

Daniel B. Weiss, Esq., being duly sworn, states that he is an attorney at Clyde & Co US LLP, attorneys for Defendant The Pep Boys-Manny, Moe & Jack LLC, in this case, and that he has read the foregoing Notice of Removal and knows the contents thereof and the facts related therein are true and correct to the best of his knowledge and belief, and that he executed the same for the uses and purposes therein expressed.

_____
Daniel B. Weiss

Dated: February 17, 2023.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the foregoing was filed via the ECF System on February 17, 2023, a copy e-mailed to Duane H. Kaizer, Esq., LaVoie & Kaizer, P.A., 13575 58th Street North, Suite 126, Clearwater, FL 33760, *Counsel for Plaintiff*, (email: duane@Lkinjurylaw.com).

        Respectfully submitted,

        **CLYDE & CO US LLP**
        *Counsel for Defendant The Pep Boys-Manny, Moe & Jack LLC and Larry Corbin*
        1221 Brickell Avenue, Suite 1600
        Miami, FL 33131
        Tel: 305-446-2646
        Fax: 305-441-2374

By:  */s/ Daniel B. Weiss*
        **FREDERICK J. FEIN**
        (**Lead Counsel**)
        Fla. Bar No. 813699
        Email: fred.fein@clydeco.us
        Secondary: kathi.burnham@clydeco.us
        **DANIEL B. WEISS**
        Fla. Bar No. 021335
        Email: daniel.weiss@clydeco.us
        Secondary: lucy.moreno@clydeco.us